# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

v.                                                                                **Case No. 09-CR-102**

**STEVEN JAGEMANN**
    **Defendant.**

## ORDER

Defendant Steven Jagemann moves for an interruption of his sentence from October 21, 2010, to October 24, 2010, in order to attend the funeral of his father. I sentenced defendant to 60 months in prison on drug charges in October of 2009, and he is currently incarcerated at the federal prison camp in Duluth, Minnesota. Defendant does not indicate whether he has applied to prison staff for a furlough under Bureau of Prisons ("BOP") guidelines.

Defendant contends that the court has authority to grant the relief he requests under 28 U.S.C. § 1651(a), the All Writs Act, which provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." As defendant notes in his motion, district courts within this circuit have previously granted requests for interruption of sentence to attend funerals under § 1651(a). However, it does not appear that these courts specifically considered whether the All Writs Act provides an independent grant of jurisdiction to afford such relief, as opposed to assisting the court in enforcing its pre-existing jurisdiction. See United States v. Reed, No. 01-CR-20062, 2008 WL 4822045, at *2 (C.D. Ill. Oct. 28, 2008). Generally, once sentence has been imposed, the court loses

jurisdiction. See 18 U.S.C. § 3582(c); United States v. Smith, 438 F.3d 796, 798-99 (7th Cir. 2006); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000). Under 18 U.S.C. § 3622(a), the BOP may release a prisoner for specified purposes, including to attend the funeral of a relative, but nothing in that statute appears to confer similar power on the sentencing court. See Reed, 2008 WL 4822045, at *3 (citing United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996); Clay v. LaManna, 2008 WL 4680579 (D.S.C. Oct. 21, 2008)). Therefore, the motion should be dismissed for lack of jurisdiction.

Assuming, arguendo, that I have jurisdiction over defendant's motion, I deny it on the merits in the alternative. Absence from family affairs is one of the ordinary incidents of incarceration, and defendant has not demonstrated the propriety of an interruption of sentence under these circumstances. Finally, to the extent that the courts may have authority to review the BOP's exercise of its authority under 18 U.S.C. § 3622, PS 5538.04, and PS 5280.08, defendant fails to demonstrate that the BOP improperly exercised its discretion regarding any request he may have made or any other basis for judicial intervention.

**THEREFORE, IT IS ORDERED** that the motion for interruption of sentence (R. 15) is **DISMISSED**. In the alternative, it is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge